IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK KALANI BEEBE,<br><br>Defendant. | Case No. 14-cr-00690-DKW-4<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK KALANI BEEBE,<br><br>Defendant. | Case No. 15-cr-00635-DKW-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Defendant Mark Kalani Beebe moves for compassionate release from his terms of imprisonment, pursuant to 18 U.S.C. Section 3582(c)(1)(A), arguing that his medical conditions place him at greater risk of both contracting the coronavirus and of a severe reaction should he contract it and, thus, an "extraordinary and compelling" circumstance exists justifying relief. As more fully set forth herein, the Court disagrees and, therefore, DENIES the motion for compassionate release.

First, the current instances of coronavirus reported at Beebe's place of incarceration do not constitute an extraordinary and compelling circumstance. Second, Beebe has only recently tested positive for the coronavirus, while with the same mental and physical conditions he now claims place him in jeopardy, and he recovered with no material symptomology. The "rare" possibility that he may contract the virus again thus does not constitute an extraordinary and compelling circumstance in this case.

## RELEVANT PROCEDURAL BACKGROUND

Beebe is serving consecutive sentences of 87 months and 8 months imprisonment for, respectively, conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine and failure to surrender for service of sentence.[1]

On February 8, 2021, in Case No. 14-cr-690, Beebe, then proceeding pro se, filed a motion for compassionate release, pursuant to Section 3582(c)(1)(A). Dkt. No. 158.[2] Thereafter, on the same day that the government filed a response to Beebe's pro se motion, Dkt. No. 164, the Office of the Federal Public Defender (FPD) informed the Court that it intended to represent Beebe with respect to the

---

[1] The sentence that Beebe failed to surrender for is the 87-month sentence he received for conspiring to distribute methamphetamine.
[2] References to Dkt. No. ___ shall be to filings in No. 14-cr-690. References to Dkt. No. ___* shall be to filings in No. 15-cr-635.

same, Dkt. No. 165. On February 26, 2021, the FPD filed a "supplement" to Beebe's pro se motion. Dkt. No. 169, Dkt. No. 28*. The government has filed a response to the supplement, Dkt. No. 173, Dkt. No. 33*, and Beebe has replied, Dkt. No. 175, Dkt. No. 35*.

This Order now follows.

## LEGAL STANDARD

Pursuant to Section 3582(c)(1)(A)(i), a court may, after considering the factors set forth in Section 3553(a), modify a term of imprisonment if, upon motion of the Director of the Bureau of Prisons (BOP) or the defendant following exhaustion of administrative rights related thereto, "extraordinary and compelling reasons warrant such a reduction[,]" the defendant is not a danger to the safety of others or the community, and the reduction is consistent with the relevant policy statements of the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

The Sentencing Commission has defined "extraordinary and compelling reasons" to include, among other things, a defendant suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover. U.S.S.G. ¶ 1B1.13, app. note 1(A)(ii).

Age and family circumstances may also provide the basis for a finding of "extraordinary and compelling" (*id*., app. note 1(B) and (C)), as may a "reason other than, or in combination with, the reasons described in [the application note]." *Id*., app. note 1(D). With respect to the latter, the "extraordinary and compelling reason" must be "determined by the Director of the Bureau of Prisons…." *Id*.

## **DISCUSSION**

In his pro se motion and supplement, Beebe argues that he should be compassionately released from serving any more of his sentences in prison because of various medical "risk factors" with which he asserts he suffers. These include an alleged body mass index of more than 30, hypertension, a history of smoking, sleep apnea, and "mental illness…." Dkt. No. 158 at 3-5; Dkt. No. 169 at 6-9.

While, in another case, one or more of the above-mentioned medical conditions may warrant further inspection as to the risk posed by the coronavirus, in this case, even if all are accurate, the Court disagrees that relief is warranted based upon two principal reasons. First, data from the Bureau of Prisons (BOP) reflects that Beebe's place of incarceration−FCI Beaumont Low−has a low current incidence of coronavirus cases. More specifically, as of the date of this Order, the BOP reports a total of five active cases: four amongst the inmate population and one amongst staff. *See* https://www.bop.gov/coronavirus (last visited March 18,

2021); *see also United States v. Cardines*, 2020 WL 6749159, at *2 (D. Haw. Nov. 17, 2020) (DKW) (reaching the same conclusion about a prison with eight total active cases of coronavirus: two amongst the inmate population and six amongst staff). Thus, while BOP data also reflects that FCI Beaumont Low has suffered from a significant outbreak of coronavirus amongst the inmate population in the past,[3] at this time, the Court cannot find the active figures being reported to represent an extraordinary and compelling circumstance in this case.

Second, the record reflects that Beebe has already contracted and, importantly, *recovered* from the coronavirus without suffering from a "severe" illness. More specifically, Beebe's medical records show that he tested positive for coronavirus following a test conducted on November 23, 2020 and, by December 8, 2020, it was reported that he had been in isolation, 10 days had passed since his first symptoms, the symptoms continued to improve, he "did not have a severe illness requiring hospitalization[,]" and he met criteria for release from isolation. Dkt. No. 174 at 7, 18.[4] While the Court does not disagree with Beebe that "scientist[s]" may not have conclusively determined the effect

---

[3] Specifically, BOP data reflects that 1,127 inmates have "[r]ecovered" from the coronavirus at FCI Beaumont Low. *See* https://www.bop.gov/coronavirus (last visited March 18, 2021). The Court further notes that FCI Beaumont Low is reported to house a total of 1,327 inmates. *See* https://www.bop.gov/locations/institutions/bml.

[4] In citing to Beebe's medical records, the Court cites to the page numbers in the top right corner of the docket entry, *i.e.*, "Page 7 of 89."

contracting coronavirus may have on a person's immunity, *see* Dkt. No. 169 at 10-11, even Beebe acknowledges that reinfection with the coronavirus is "rare," *see id*. at 11& n.16 (citing https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html).  The Court thus cannot find the "rare" possibility of reinfection with the coronavirus to constitute an extraordinary and compelling circumstance in this case.

Beebe's motion for compassionate release, Dkt. No. 158, is DENIED.[5]  The Clerk is instructed to enter this Order in both Case No. 14-cr-690-DKW-4 and 15-cr-635-DKW-1.

IT IS SO ORDERED.

DATED: March 18, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

[5]Because the Court finds that Beebe has failed to demonstrate the existence of an extraordinary and compelling circumstance in this case, the Court need not address any other issues raised by the parties.