IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK KALANI BEEBE,<br><br>Defendant. | Case No. 14-cr-00690-DKW-4<br>Case No. 15-cr-00635-DKW-1<br><br><br>**ORDER DENYING MOTION FOR BAIL PENDING APPEAL** |

After being denied compassionate release on the grounds of the coronavirus pandemic, Defendant Mark Kalani Beebe moves for release again pending an appeal of that denial. Beebe's second request for release is DENIED. There is no substantial question on appeal here, given that the record reflects the incidence of coronavirus at Beebe's place of incarceration−FCI Beaumont Low−has continued to dwindle−something that is not surprising given the inoculation of inmates at the wider Beaumont facility. Moreover, the question Beebe asserts he will raise on appeal will not likely result in a *reversal* of the denial of his motion for compassionate release−at most, it will result in a remand.[1]

---

[1] No party has requested a hearing on the motion for bail. Therefore, pursuant to Local Rule 7.1(c), the Court elects to decide the motion without a hearing.

# RELEVANT PROCEDURAL BACKGROUND

On March 18, 2021, this Court denied Beebe's motion for compassionate release. Dkt. No. 176.² The Court did so for two principal reasons. First, the Court found that there was a low incidence of coronavirus at FCI Beaumont Low: a total of five active cases, with four of them being amongst the inmate population. Second, the Court found that Beebe had recovered from the coronavirus without suffering a severe illness. The Court found that the "rare" possibility of reinfection did not constitute an extraordinary and compelling circumstance for purposes of 18 U.S.C. Section 3582(c)(1)(A)(i).

On March 31, 2021, Beebe appealed the denial of his motion for compassionate release. Dkt. No. 177. A little over two months later, on June 3, 2021, Beebe filed the instant motion for bail pending appeal, pursuant to 18 U.S.C. Sections 3143(b) and 3145(c). Dkt. No. 181; Dkt. No. 38*. The Government has filed an opposition to the motion for bail, Dkt. No. 183; Dkt. No. 40*, to which Beebe has replied. Dkt. No. 184; Dkt. No. 41*.

---

²References to Dkt. No. __ shall be to filings in No. 14-cr-690. References to Dkt. No. __* shall be to filings in No. 15-cr-635.

# **LEGAL STANDARD**

Pursuant to Section 3143(b)(1) of Title 18, a court must order the detention of a person found guilty of an offense and sentenced to a term of imprisonment who has filed an appeal, unless the court finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–

　i.　reversal,
　ii.　an order for a new trial,
　iii.　a sentence that does not include a term of imprisonment, or
　iv.　a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). In addition, when a person's offense of conviction has a maximum sentence of life imprisonment, a court may only order his release "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c); 18 U.S.C. § 3143(b)(2); 18 U.S.C. § 3142(f)(1)(B). A defendant bears the burden of showing that he is not a flight risk or a danger to the community and that his appeal raises a substantial question of law or fact. *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990); *United States v. Wheeler*, 795 F.2d 839, 840 (9th Cir. 1986).

## DISCUSSION

In his motion for bail, Beebe argues that the question his appeal will present is "whether this Court reversibly erred by deciding his compassionate release motion under USSG § 1B1.13 and its commentary." Dkt. No. 181 at 5. That is not a "substantial question" for purposes of Section 3143(b). First, contrary to Beebe's suggestion, that question will not result in *reversal* of the denial of his motion for compassionate release. At best, it may result in the Ninth Circuit *remanding* the motion for compassionate release to this Court to decide again.[3]

Second, because, at best, it will result in remand, not reversal, the question on the current record will not result in a reduced term of imprisonment. As set forth above, in this Court's estimation, Beebe does not qualify for compassionate release under *any* standard of extraordinary and compelling circumstances that he has thus far advanced. There was nothing extraordinary nor compelling, for instance, about the incidence of coronavirus at FCI Beaumont Low or the "rare" chance of Beebe re-contracting the virus when the Court originally denied him compassionate release.[4] These observations, in fact, still ring true today.

---

[3]Counsel for Beebe should be more than aware of this, given that they represent other defendants who have had their motions for compassionate release *remanded* on the exact same question. *See, e.g.*, *United States v. Lyman*, Case No. 12-cr-1256, Dkt. No. 74; *United States v. Ueki*, Case No. 8-cr-715, Dkt. No. 65.

[4]Put simply, the application of Section 1B1.13 of the U.S. Sentencing Guidelines played no meaningful role in the denial of Beebe's motion for compassionate release because the motion

Moreover, as of today, June 21, 2021, there is a total of *one* case of coronavirus at FCI Beaumont Low, with that case being a member of the staff, with no current inmate positives. See https://www.bop.gov/coronavirus (last visited June 21, 2021). The low incidence previously observed by the Court, in other words, has dropped to an infinitesimal level. This is perhaps not surprising. The Bureau of Prisons' (BOP) data also shows that, at FCC Beaumont, 2,591 inmates have been fully inoculated against the coronavirus. *Id*. While the data does not show the number of inoculated inmates at FCI Beaumont Low specifically, given the wider rate of inoculation at the Beaumont facility, it is not surprising that so few cases of coronavirus exist at FCI Beaumont Low.[6]

Accordingly, Beebe's motion for bail pending appeal, Dkt. No. 158 & Dkt. No. 38*, is DENIED.[7] The Clerk is instructed to enter this Order in both Case No. 14-cr-690-DKW-4 and 15-cr-635-DKW-1.

---

would have been denied whether or not the policy statement promulgated under that guideline was binding or only a factor for consideration.

[5] More specifically, FCC Beaumont is made up of three facilities: FCI Beaumont Low, FCI Beaumont Medium, and USP Beaumont. Combined, approximately 4,800 inmates are housed at FCC Beaumont. Across those three facilities, the BOP's data reflects a total of zero cases amongst inmates and six cases amongst staff. See https://www.bop.gov/coronavirus (last visited June 21, 2021).

[6] So it is clear, here, the Court does not take into consideration Beebe's decision to decline the coronavirus vaccination or his curious argument that a vaccine has placed him in a "Catch-22 situation…." See Dkt. No. 184 at 6.

[7] Because the Court finds that Beebe has failed to show a substantial question on appeal, the Court need not address any other reasons necessary to justify bail.

IT IS SO ORDERED.

DATED: June 21, 2021 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*United States of America v. Mark Kalani Beebe*; CR 14-00690 DKW-4; CR 15-00635 DKW-1; **ORDER DENYING MOTION FOR BAIL PENDING APPEAL**